53 CCPA

**Application of Merrill M. DEBSKI.**
**Patent Appeal No. 7479.**

United States Court of Customs and Patent Appeals.
Dec. 16, 1965.

John M. Calimafde, New York City (Hopgood & Calimafde, New York City, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

ALMOND, Judge.

Merrill M. Debski appeals from the Board of Appeals' decision affirming the rejection of claim 7 of his application [1] for "Practice Golf Club." Claims 3, 4, 5 and 6 were allowed.

Figure 1 of appellant's application, reproduced below, depicts the claimed golf club:

The numbered portions of Fig. 1 may be conveniently described by inclusion in claim 7, which then reads as follows:

7. A practice golf club for use with light-weight practice golf balls, comprising a shaft [1] capable of buckling over substantially its entire length, handle means [2] surrounding an end portion of said shaft and firmly secured thereto, weighting means [4] attached at one end to the opposite end of said shaft, and a light-weight head [3] attached to the opposite end of said weighting means, the weight of said weighting means being selected to give the golf club an overall weight approximately equal to a standard golf club, and the weighting means being spaced form the light-weight head so as to place the club center of gravity further up on the shaft and thereby reduce the normal flexure of the shaft when swinging the club.

The reference is:

Mensing    1,662,712    March 13, 1928

The Mensing Club, reproduced below, discloses a club which may be used for practice or play, with head 1, shaft 2 and grip 3. The shaft is made of rubber, rubber encased steel rod, or other flexible material which will provide a marked degree of resilience or limberness, the object being to produce a club "having the property of compelling the user to swing smoothly and thus improve" his game. The patentee states that "any spasmodic or too abrupt stopping of a fast back swing will result in the head of the club striking the user and thus forcibly reminding him that he is not observing good form * * *."

Fig. 1

---

1.   Serial No. 74,645, filed December 8, 1960.

The examiner considered claim 7 unpatentable over Mensing, finding that the claimed structure "is not distinguishable from the structure shown by Mensing." The board, in affirming, adopted the examiner's position by reference as its own opinion. The examiner noted that the language in claim 7 "shaft capable of buckling over substantially its entire length" and "handle means surrounding an end portion of said shaft and firmly secured thereto" is clearly shown by Mensing, and the limitation "weighting means attached at one end to the opposite end of said shaft" could well be descriptive of the lower portion of the Mensing shaft. The claim calls for a "light-weight head attached to the opposite end of said weighting means" which the examiner held readable on Mensing's rubber head 1. He further concluded that:

> The phrase "the weight of said weighting means being selected to give the club an overall weight approximately equal to a standard golf club, and the weighting means being spaced from the light-weight head so as to place the club center of gravity further up on the shaft" is so broad that such at best can be construed to add two limitations to the claim. Namely, (1) that the "overall" club have some weight (the phrase "standard golf club" has no fixed meaning in this art) and (2) that the center of gravity of the club be located at a point somewhere along the length of the shaft of the club. Such limitations cannot be relied upon as a basis for patentability because the club of Mensing obviously has weight, and it is common knowledge that virtually all golf clubs have the center of gravity located at a point somewhere along the length of the shaft of the club.

As noted, the examiner's rejection, affirmed by the board, was predicated on the ground that the claimed structure "is not distinguishable from the structure shown by Mensing." The solicitor construes the rejection as being based on 35 U.S.C. § 102. We agree.

We are in agreement with the examiner that "a shaft capable of buckling over substantially its entire length" and handle means at end of shaft and firmly secured thereto, as claimed, are disclosed by Mensing. Our disagreement with the decision below stems from the treatment accorded the location and function of the "weighting means."

The claim calls for weighting means to be located between one end of the shaft and a "light-weight head." We do not agree that the phrase "weighting means" with its claimed points of attachment is so broad as to be descriptive of the end of the Mensing shaft to which the club head is connected.

The appealed claim defines, in terms of structure, a lightweight head and weighting means. The latter means as defined as a specific element added to the head, shaft and handle. Nowhere in Mensing do we find such an element. We cannot accept the board's construction of the reference that the neck portion of the head integrated therein "could as well be read as the 'weighting means' of the claim." The claimed weighting means is not integrated as part and parcel of the head but spaced therefrom so as to elevate the center of gravity "further up on the shaft." In addition, the head is not attached to the shaft as in Mensing but is attached to the end of the weighting means opposite the end attached to the shaft.

Finding the claimed subject matter to be novel, we reverse the board's decision.

Reversed.